UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BRIAN GOODNER,

    Plaintiff,

v.

JAB KIDS, LLC, a Florida
limited liability company,
d/b/a WHOLESOME TUMMIES,
and CHERYL A. BARRY, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, BRIAN GOODNER, [herein referred to as "Plaintiff" or "Goodner"] by and through his undersigned attorney and hereby files this Complaint against Defendants JAB KIDS, LLC., a Florida limited liability company, d/b/a WHOLESOME TUMMIES, [herein referred to as "JAB KIDS"], and CHERYL A. BARRY, an individual [hereinafter, "BARRY"] [together and hereinafter collectively referred to as Defendants], and as grounds thereon states as follows:

### JURISDICTION, PARTIES AND VENUE

1. This action is for damages resulting from unpaid wages owed and is brought, pursuant to The Fair Labor Standards Act 29 U.S.C. §§206 [FLSA] and civil theft pursuant to the applicable Florida Statutes.

2. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §§206.

3. Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant JAB KIDS has a principal address at 2536 Glendale Court, Royal Palm Beach, Florida 33411.

5. Individual Defendant CHERYL A. BARRY ["BARRY"] is believed to be a resident of Palm Beach County, Florida.

6. This cause of action arose in Palm Beach County, Florida.

7. Palm Beach County, Florida is proper venue for this action because Defendant JAB KIDS operates in Palm Beach County, individual Defendant CHERYL A. BARRY resides in Palm Beach County and Plaintiff resides in Palm Beach County, Florida; at all times material hereto, Plaintiff was employed by and had dealings with Defendants in Palm Beach County, Florida.

8. Defendants failed to pay Plaintiff the mandatory wages as required under federal law.

9. Defendants have an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendants had business dealings with customers across state lines, and produced, received, shipped, and/or transported goods that were moving in interstate commerce, including credit card transactions, and regularly used postal system and/or telephone for interstate communications.

11. Defendants at all times material hereto, were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

**JOINT EMPLOYERS**

12. Defendant CHERYL A. BARRY is the Manager of JAB KIDS (*See true and correct copy of Florida Department of State Division of Corporations Information on Jab Kids, attached hereto as **Exhibit "A."***)

13. Defendant CHERYL A. BARRY operated aspects of the company, made company business and financial decisions, as well as controlled payment to employees, including the Plaintiff.

14. Defendant JAB KIDS was an employer of Plaintiff.

15. Defendant BARRY was also a joint employment in that she was in charge of payroll and financial matters, including paying wages and overtime.

16. At all times relevant, Defendants were otherwise charged with the responsibility of paying wages to the Plaintiff and/or making decisions about and directing his work and paying wages.

17. Defendants and each of them are employers under the definition of the Fair Labor Standards Act.

## COMMON ALLEGATIONS

18. Plaintiff was employed as a chef from November 17, 2018 up to including his separation on October 17, 2019.

19. Plaintiff is owed wages in the amount of One Thousand Six Hundred and 00/100 dollars ($1,600.00) for the final two weeks of his employment with Jab Kids for the period: 10/3/19 to 10/17/19.

20. Plaintiff previously contacted Defendants to request for his final paycheck, but was met with physical threats by John C. Barry, the husband of Defendant BARRY and a Manager

of JAB KIDS according to the Florida Department of State Division of Corporations [Ex. A].

21. To date, Plaintiff has yet to receive his final pay.

22. In addition, Plaintiff also left personal equipment at the worksite, including: 3 sizzle plates, 1 green & red handle watermelon knife, 1 black handled serrated bread knife, 2 chef knives, 1 Santoku knife, his safe serve certification, 1 large magnet bar, and 1 orange box cutter/utility knife. The value of these items is estimated at $250.00

23. To date, Defendants have failed to return these items to Plaintiff.

24. On December 3, 2019, Plaintiff sent a demand letter to Defendants as required pursuant to Fla. Stat. 772.11(1). *(See true and correct copy of demand letter, attached hereto as Exhibit "B.")*

25. To date, Defendants have failed to compensate Plaintiff for wages owed while employed with Defendants.

### COUNT I
### UNDERPAYMENT
### IN VIOLATION OF THE FLSA 29 USCA§ 206
### AGAINST JAB KIDS

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 25, and incorporates the same as set forth fully herein.

26. Plaintiff is a covered employee entitled to compensation for all hours worked at the agreed upon rate.

27. Plaintiff worked without the benefit of being paid the minimum wage as set forth in federal law.

28. Defendant failed to compensate Plaintiff at least minimum wage.

29. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

30. Defendant's failure to pay Plaintiff proper wages was the result of intentional, willful misconduct, such that Plaintiff is entitled to minimum wage payments for the entire period of his employment.

31. Plaintiff is also entitled to liquidated damages as set forth under the FLSA.

32. As a direct and proximate result of the Defendant's action, the Plaintiff obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

33. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

34. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees and other penalties

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant JAB KIDS as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

### COUNT II
### UNDERPAYMENT
### IN VIOLATION OF THE FLSA 29 USCA§ 206
### AGAINST CHERYL A. BARRY

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 25, and incorporates the same as set forth fully herein.

35. Plaintiff is a covered employee entitled to minimum wage compensation for all hours worked.

36. Plaintiff worked without the benefit of being paid the minimum wage as set forth in federal law.

37. Defendant failed to compensate Plaintiff at least minimum wage.

38. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

39. Defendant's failure to pay Plaintiff proper wages was the result of intentional, willful misconduct, such that Plaintiff is entitled to minimum wage payments for the entire period of his employment.

40. Plaintiff is also entitled to liquidated damages as set forth under the FLSA.

41. As a direct and proximate result of the Defendant's action, the Plaintiff obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

42. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

43. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees and other penalties

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant CHERYL A. BARRY as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of

suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## COUNT III
## CIVIL THEFT PURSUANT TO FLA. STAT. § 772.11
## (ALL DEFENDANTS)

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 25, and incorporates the same as set forth fully herein.

44. The Defendants failed to deliver payment of certain monies to the Plaintiff, as hereinabove described.

45. The Defendants knowingly obtained or used, or endeavored to obtain or use, property (money) belonging to the Plaintiff with the intent of either temporarily or permanently depriving the Plaintiff of the right to and benefit of their property.

46. The Defendants' actions and/or omissions in that regard are tantamount to theft.

47. As a direct and proximate result, the Plaintiff has suffered damages, including loss of money, loss of use of that money, and the costs of litigation.

48. The Plaintiff has complied with the pre-suit requirements set out in Fla. Stat. § 772.11(1) by making written demand for treble damages to all Defendants and waiting at least thirty (30) days before filing this Complaint.

49. As direct and proximate result of the Defendants' actions and/or omissions, the Plaintiff has sustained and are entitled to damages.

50. Plaintiff is entitled to judgment against the Defendants for "threefold the actual damages sustained," as defined in Fla. Stat. § 772.11(1).

51. Plaintiff seeks damages against the Defendants for actual losses and treble damages pursuant to Fla. Stat. § 772.11(1), interest, reasonable attorney's and 772.11(1), and any

further relief that this Honorable Court deems just and proper.

52. Plaintiff further seeks attorney fees pursuant to Fla. Stat. § 772.11(1).

**WHEREFORE,** the Plaintiff prays that judgment be entered in his favor and against the Defendants for all damages described above, including treble damages pursuant to Fla. Stat. § 772.11(1), interest, reasonable attorney's and 772.11(1), and any further relief that this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all triable issues.

Respectfully submitted this 12th day of June 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard, Suite 104-A
Jupiter, FL 33458
Telephone:   (561) 653-0008
Facsimile:    (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esquire
Florida Bar No.: 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com
*Attorney for Plaintiff*